IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-323-CR





RODNEY TAYLOR,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0924315, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING



 





PER CURIAM

 At a trial on a murder indictment, the district court found appellant guilty of
voluntary manslaughter and assessed punishment at imprisonment for twelve years. Penal Code,
63d Leg., R.S., ch. 399, sec. 1, § 19.03, 1973 Tex. Gen. Laws 883, 913, amended by Act of
May 28, 1973, 63d Leg., R.S., ch. 426, art. 2, § 1, 1973 Tex. Gen. Laws 1122, 1124 (Tex.
Penal Code Ann. § 19.04, since amended). 

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief. A pro se brief has been filed.

 In his pro se brief, appellant urges that he did not receive effective assistance of
counsel at trial. Appellant contends that his attorney failed to adequately investigate the case and
failed to offer evidence that the deceased was the aggressor and that appellant acted in self-defense. Appellant also asserts that counsel failed to offer mitigating evidence regarding
appellant's mental health problems. 

 There is nothing in the record to substantiate appellant's claim that counsel did not
investigate the offense or offer all available evidence. On the other hand, the record does reflect
that counsel presented evidence to support appellant's self-defense claim, and it may be inferred
that this evidence was responsible for appellant's conviction for the lesser included offense. 
Appellant has not met his burden of demonstrating ineffectiveness of counsel. See Jackson v.
State, 877 S.W.2d 768 (Tex. Crim. App. 1994). 

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: September 28, 1994

Do Not Publish